IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRUCE KING,

                Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security.

                Defendants.

OPINION AND ORDER

22-cv-165-wmc

After holding a telephonic hearing on April 29, 2021, an administrative law judge ("ALJ") determined that plaintiff Bruce King was not disabled within the meaning of the Social Security Act on August 2, 2021.  Following exhaustion of his administrative appeals to a final denial by the Commissioner, King seeks judicial review under 42 U.S.C. § 405(g) on a single, legal issue:  whether the requirement that a claimant have the residual capacity to perform a "significant range of work" in the Medical-Vocational Guidelines ("Grid") Rule 202.00(c) compels a finding of disability if he can no longer perform vocationally relevant past work and his skills are only transferrable to one occupational title.  After full briefing on this issue of first impression, the court held a telephonic argument with the parties' counsel on December 16, 2022, and invited citations to any additional supplemental authority from both sides.  While the Ninth Circuit Court of Appeals and a few district courts have interpreted Rule 202.00(c), no controlling authority was found.  Nevertheless, the court is persuaded that the requirement under this rule that a "significant range of work" in the rule refers to occupations, rather than jobs.  For this reason, the court

will remand for entrance of a finding that King is disabled within the meaning of Rule 202.00(c) and eligible for receive disability.

## UNDISPUTED FACTS

Plaintiff King has at least a high school education, and he previously worked as a truck operator and supervisor. (AR 26.) He was 60 years old at the time of his alleged onset date of May 1, 2019. (Id.)

### A. ALJ Decision

King appeared by telephone at the April 29, 2021, hearing. (AR 17.) In his written opinion issued on August 2, 2021, Administrative Law Judge ("ALJ") Michael Schaefer determined that King was not disabled for the purposes of the Social Security Act. Specifically, finding that King had not had substantial gainful activity since May 1, 2019, at step one of the sequential evaluation process (AR 19), the ALJ found at step two that King had the following, severe impairments: osteoarthritis of the bilateral knees and shoulders, congestive heart failure, and atrial fibrillation.[1] (AR 20.) However, at step three, the ALJ found that none of King's conditions nor any combination of those conditions meet or exceed the severity listed in 20 CFR Part 404, Subpart P, Appendix 1. (AR 18.)

---

[1] "Atrial fibrillation (AF or A-fib) is an abnormal heart rhythm (arrhythmia) characterized by rapid and irregular beating of the atrial chambers of the heart." *See* https://en.wikipedia.org/wiki/Atrial_fibrillation (last visited Dec. 15, 2022).

2

For reasons amply explained in his opinion, the ALJ next crafted a Residual Functional Capacity ("RFC") at step four, which allowed for King to perform light work with the following restrictions:

> The claimant can frequently stoop, kneel, crouch, and crawl. The claimant can occasionally climb ladders, ropes, scaffolds, ramps, and stairs. The claimant can only occasionally reach above shoulder height with the bilateral upper extremities and can frequently handle with the left non-dominant upper extremity. The claimant must avoid even moderate exposure to extremes of cold, heat, wetness, and humidity. The claimant must avoid exposure to even moderate levels of atmospheric conditions such as pulmonary irritants (including fumes, odors, dusts or gases) or poorly ventilated areas.

(AR 21-22.)

Finally, at step five, the ALJ found at age 60, a high school graduate and limited to light work, King was unable to perform any relevant past work. Still, a vocational expert testified that with his RFC and past skills, King would be able to perform the occupations of teacher's aide and employment training specialist of which there were "approximately 32, 411 . . . jobs in the national economy." (AR 27.) However, the VE testified that the number of jobs available to King as an employment training specialist would be eroded because he lacks a college degree. (*Id*.) Because the VE was unable to quantify the extent of that erosion, the ALJ only considered available jobs as a teacher's aide for step 5, for which the VE testified there were roughly 21,201 jobs. (*Id*., AR 79.) Still, the VE testified and the SLJ found that there were sufficient jobs in the national economy as a teacher's aide to find King "not disabled," "in accordance with SSR 00-4p." (AR 27.)

3

OPINION

A federal court's standard of review with respect to a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). However, in this review, the parties have identified no dispute of fact; rather, they present a disputed issue of law, which the court reviews *de novo*. *Old Ben Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 292 F.3d 533, 538 (7th Cir. 2002).

When looking at GRID Rule 202.07, which the ALJ purported to apply at step 5, "[f]ootnote (2) to Rule 202.07 explicitly incorporates language from Rule 202.00(c) that expands the circumstances under which claimants with transferable skills can be found disabled." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1116 (9th Cir. 2006). In relevant part, that rule states:

> for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a *significant range of semi-skilled or skilled work that is within the individual's functional capacity*, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled. Ordinarily, even a high school education or more which was completed in the remote past will have little

4

> positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education.

20 CFR Part 404, Subpart P, Appendix 2, 202.00(c) (emphasis added).

Neither party disputes the ALJ findings or reasonings until step 5, nor do they dispute that Rule 202.00(c) applies to King. The parties instead dispute whether a "significant range of work" requires a significant number of *occupational titles* or simply a significant number of *available jobs*. Here, ALJ Schaefer found that King's experience was transferable to the occupation of teacher's aide, which exists in sufficient numbers in the national economy. (AR 27.) However, King argues that the phrase "significant range of work" in Rule 202.00(c) specifically requires more than one occupational title.

In support, plaintiff cites to Ninth Circuit opinions, which found that Rule 202.00(c) requires more than one or two occupational titles. *E.g.*, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1113 (9th Cir. 2006); *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020). In *Lounsburry,* the ALJ had found that the claimant was not disabled with skills transferable to at least one occupation, which had 65,000 jobs in the national economy. 468 F.3d at 1113. The Ninth Circuit disagreed, finding that Rule 202.00(c)'s requirement for a "significant range of work" referred to the types of *occupations*, not number of jobs. *Id*. Looking at other social security regulations, that court noted: "SSR 83–10 defines the phrase, 'Range of Work,' as 'Occupations existing at an exertional level.' It defines the related phrase, 'Full Range of Work,' as: 'All or substantially all occupations existing at an exertional level.' We thus construe the phrase 'significant range of … work' in Rule 202.00(c) to require a significant number of occupations." *Id*. at 1117. While the Ninth Circuit has yet to decide how many occupations are needed to satisfy the requirement for

5

a significant range of work, the court has held that two or less occupations are insufficient. *Id*; *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020).

In opposition, the Commissioner argues that Ninth Circuit caselaw is not controlling and the Seventh Circuit focuses on the number of available jobs, rather than the number of available occupational titles. (Def.'s Opp'n. (dkt. #11) 5) (citing *Mitchell v. Kijakazi*, No. 20-2897, 2021 WL 3086194, at *3 (7th Cir. July 22, 2021).) However, the cases cited by the Commissioner do not address the applicability of Rule 202.00(c); instead, these cases discuss the more general requirement at step 5 that there be a significant number of jobs in the national economy. Here, plaintiff argues that Rule 202.00(c) imposes an additional requirement for a specific subset of claimants at step five by requiring a "significant range of work" rather than a significant number of jobs. As the Ninth Circuit explained in *Lounsburry,* "Rule 202.00(c) [may have been drafted] to require only a 'significant number of jobs'; it chose not to do so." 468 F.3d at 1117.

The Commissioner also argues that Social Security regulations recognize that a significant number of jobs can come from a single occupation. *E.g.*, 20 C.F.R. § 404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations)." However, in *Lounsburry*, the Ninth Circuit also compellingly addressed this same citation, noting that "significant range" modifies the requirement of "work," and finding that construction to mean a single occupation to suffice would nullify the word "range". *See* 486 F.3d at 1117 ("20 C.F.R. § 404.1566(b) is inapplicable to [King]'s case. It defines 'work' at a high level of generality . . . However, the purpose of the grids is to individualize the disability determination process . . . The

Commissioner may not substitute a definition of disability applicable generally for one narrowly tailored by the grids.").

While the Seventh Circuit may decide to diverge from this reasoning, this court is persuaded that the specific language found in Rule 202.00(c) is not simply speaking about the number of available jobs in the economy and instead setting out a different requirement.[2] Thus, while the Seventh Circuit has generally emphasized job numbers over occupational titles, the court ultimately agrees with plaintiff that Rule 202.00(c) establishes a different requirement using different language.

As a final note, the VE here had found a second occupation for King, which the ALJ decided it was inappropriate to include because the VE could not quantify how many of these would be available to plaintiff. (AR 27.) Even if the court were to look past this finding, and there appears no basis to do so, the Ninth Circuit has found two occupations is also not a "significant range." *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020). Given the common meaning of "significant," this seems correct. Because the ALJ did not consider the second occupation, however, the court makes no decision on whether two occupations could constitute a "significant range."

---

[2] Outside of the Ninth Circuit, no other circuit court has addressed this question. However, district courts in the First, Fifth, and Eight districts have all applied *Lounsburry* in similar factual situations. See *Sherry B. v. Saul*, 518 F. Supp. 3d 590, 593 (D.R.I. 2021); *Blackmon v. Astrue*, No. 11-1509, 2012 U.S. Dist. LEXIS 110924, at *9-*12 (W.D. La. July 11, 2012); *Roy H. v. Saul*, 547 F. Supp. 3d 864, 875-877 (D. Neb. 2021). It does not appear that any court has explicitly rejected the *Lounsburry* reasoning, with most negative references noting that a factual difference in the case prohibits application. See *Hobbs v. Berryhill*, No. 17-619 (FLN), 2018 U.S. Dist. LEXIS 141671, at *35-*36 (D. Minn. Aug. 21, 2018) (finding that the *Lounsburry* analysis did not apply because the claimant was not "of an advanced age" as required by 202.00(c)); *Morris v. Colvin*, Civil Action No. 4:15-CV-284, 2016 U.S. Dist. LEXIS 116161, at *13-*18 (E.D. Tex. Aug. 30, 2016) (declining to apply *Lounsburry* because claimant was restricted to sedentary work, while *Lounsburry* dealt with light work.)

ORDER

IT IS ORDERED that:

1) The decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, denying plaintiff Bruce King's application for social security disability benefits is REMANDED with instructions for payment of disability insurance benefits from his onset date of May 1, 2019.

2) The clerk's office is directed to enter final judgment in plaintiff's favor.

Entered this 5th day of January, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge